# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**June 15, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MICHAEL S.,**
**Respondent Below, Petitioner**

**vs.) No. 23-ICA-23**          (Fam. Ct. Kanawha Cnty. No. 10-D-2057)

**ASHLEY B.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael S.[1] appeals the "Order Denying Petition for Modification" entered by the Family Court of Kanawha County on December 15, 2022. Michael S. asserts that the family court erroneously denied his petition for modification; however, he raised no appealable issues in his notice of appeal or in his brief. Respondent Ashley B. filed a timely response in support of the family court's decision.[2] Michael S. did not file a reply brief.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Michael S. and Ashley B. share one child, C.S., now age twelve. In 2017, the parties shared 50-50 custody. After several filings in family court, Ashley B. was granted full custodial responsibility and decision-making authority in August 2019. In 2021, the child expressed to the appointed guardian ad litem that she was not interested in having parenting time with Michael S. A final hearing was held on August 23, 2021, during which the family court ordered Michael S. and C.S. to attend reunification counseling. The reunification counseling was successful and C.S. agreed to have parenting time with Michael S. every

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Both parties are self-represented.

1

other Sunday from 9:00 a.m. to 5:00 p.m., with the paternal grandmother supervising all visits.

On November 7, 2022, Michael S. filed a petition for modification of the parenting plan, wherein he requested shared decision-making and additional parenting time, unsupervised. As support for his petition for modification, he contended that the reunification therapist recommended additional parenting time.

The custody modification hearing was held on December 14, 2022. During the hearing, the reunification therapist testified that, contrary to Michael S.'s beliefs and testimony, she did not recommend additional parenting time because the child did not desire to have additional time with Michael S. The family court entered its final order denying Michael S.'s petition for modification on December 15, 2022, wherein it found as follows: (1) the reunification therapist testified that she did not recommend additional parenting time, and (2) Michael S. did not prove that there had been a substantial change in circumstances. It is from the December 15, 2022, order that Michael S. now appeals.

Our standard of review in this matter is as follows:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, No. 22-ICA-2, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17098574, at *3 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, Michael S. raises various points of contention about events that took place years ago and are not relevant to this matter.[3] Michael S. raises no appealable issues from the family court's December 15, 2022, order, and his brief consists merely of his disagreement with how the proceedings below were conducted. Further, Michael S. fails to cite any authority or provide support for his arguments. The family court did not abuse its discretion when it found that Michael S. did not prove there had been a substantial change in circumstances. As such, we find no basis in law to warrant relief.

---

[3] In his appeal, Michael S. requested that the family court judge be recused. However, this Court does not have jurisdiction to address the request for recusal. The process to seek to disqualify a judge is set forth in Rule 17 of the West Virginia Trial Court Rules, pursuant to Rule 58(a) of the West Virginia Rules of Practice and Procedure for Family Court.

Accordingly, we affirm the family court's December 15, 2022, order.

Affirmed.

**ISSUED:** June 15, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen